RIERA *v*. THE REGISTRAR OF PROPERTY.

APPEAL from the decision of the Registrar of Property of Ponce.

No. 8.—Decided June 29, 1906.

SEPARATE PROPERTY—PROPERTY OF THE CONJUGAL PARTNERSHIP.—Property acquired under a right of redemption or exchange for other property belonging exclusively to the husband, must be classified as his separate property, and he may dispose of it without the consent of his wife, which consent is necessary only in cases of the disposition of property belonging to the conjugal partnership.

COMMUNITY PROPERTY—PRESUMPTION.—In the absence of a showing that the money used by the husband for the redemption of property belongs to him exclusively as his separate property, it will be presumed that the money belongs to the conjugal partnership in accordance with the provisions of section 1322 of the Civil Code.

The facts are stated in the opinion.

'Mr. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Vicente Riera y Manatú from a decision of the Registrar of Property of Ponce refusing to admit a deed of· sale to record.

By public deed executed in Ponce before Rosendo Matienzo y Cintrón, a notary of said city, on April 10 of the current year, Vicente Riera y Manatú sold to the *Unión Obrera Puertorriqueña* three houses belonging to him, situated in the *barrio* of La Playa, in said city of Ponce, for the price and sum of $1,000, which the vendor acknowledged having received. The vendor stated that he had acquired these houses by inheritance from his deceased father, José, under extrajudicial partition of property, recorded in the registry of property; that by another deed of February 10, 1905, also recorded in said registry, he had sold them under an agreement

of repurchase to Ursula Capó y Renta, and that by deed of the same date (April 10) this lady had resold them to him. Said deed having been presented in the registry, record was denied by the registrar upon the grounds alleged in the decision which appears at the foot of the document, which reads as follows:

"The record of this document is denied on the ground that although it appears therefrom and from the register that the vendor acquired the three estates sold under a right of redemption established in his favor, the acquisition, by redemption, was made for a money consideration which must be presumed to belong to the conjugal partnership of said vendor and his wife Pascual Huertas y Moner, as nothing appears to the contrary. Consequently, there exists in favor of this conjugal partnership, a copartnership in the estates now sold, equivalent to their purchase price, which interest makes necessary the intervention of the wife in the sale of this real property, by reason of the modification of subdivision 3 of section 1314 of the Civil Code by subdivision 1 of section 1316 and section 1328 of said Code; and a cautionary notice has been made in lieu of such record, effective for a period of one hundred and twenty days in favor of the purchasing company at folios 238, 22 and 27 of books 130 and 137 of the municipality of this city, estates No. 2677 triplicate, 4772 and 2358 duplicates, records letters A. Ponce, April 23, 1906.—José Sastraño Belaval, registrar."

As the person presenting the deed for record did not agree to the classification thereof made by the registrar, he left the document in his possession, in order that said registrar, in compliance with the provisions of the Act of the Legislative Assembly of this Island of March 1, 1902, relating to appeals from decisions of registrars of property, should forward it to this Supreme Court for the proper decision, as he did, attaching thereto a full report in support of his decision.

According to section 1314 of the Revised Civil Code the separate property of the spouses includes among other things the property acquired by right of redemption or by exchange for other property belonging to one of the spouses only; for

which reason it cannot be doubted that the three houses referred to in this appeal belonged in sole and exclusive ownership to the vendor, Vicente Riera y Manatú, who had the right to sell them without the consent of his wife, which section 1328 of the Civil Code requires only when the husband alienates real property of the conjugal partnership.

The theory advanced by the Registrar of Property of Ponce in his decision is not acceptable from any point of view, because far from finding any confirmation in the law, it is in open contravention of the provisions of said section of the Civil Code, which vests the exclusive ownership of the houses referred to in this appeal in the husband, to whom they had previously belonged and to whom they continue to belong by virtue of the terms of the sale, without prejudice to the fact that if the money employed by him in the redemption of the said houses should not appear to belong to him, such ownership shall be understood to be vested in the partnership, in accordance with the general provisions of section 1322 of the said Civil Code.

In view of the legal provisions cited, the decision of the Registrar of Property of Ponce appearing at the end of the deed in question is reversed; and it is held that said deed is subject to record and the registrar shall record it in the name of the *Unión Obrera Puertorriqueña,* which appears as the purchaser of the houses referred to; and it is ordered that the deed presented be returned to the Registrar of Property of Ponce, with a certified copy of this decision, for his information and other purposes.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.